IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20747
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

CHRISTOPHER MICHAEL KEISSLING,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-133-1
--------------------
June 18, 2001

Before JOLLY, BARKSDALE and DENNIS, Circuit Judges.

PER CURIAM:[*]

Christopher Michael Keissling pleaded guilty to possession with intent to distribute methamphetamine. At sentencing, he objected that the full 37.9 grams of methamphetamine seized was not intended for distribution and should not have been included in the sentencing calculations; he argued that he intended to sell only 2 grams with the remainder for his personal use. The district court overruled the objection, finding Keissling's testimony was not credible and that he had not shown that any of the seized methamphetamine was for his personal use.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A district court's findings of fact are reviewed for clear error. See United States v. Posada-Rios, 158 F.3d 832, 878 (5th Cir. 1998). A factual finding is not clearly erroneous as long as it is plausible in the light of the record read as a whole. See United States v. Davis, 76 F.3d 82, 84 (5th Cir. 1996). We need not decide the question whether amounts for personal use should be excluded from sentencing calculations for a conviction for possession with intent to distribute because we conclude that the district court's factual finding was not clearly erroneous.

The district court found Keissling's testimony was not credible, particularly his testimony regarding the large amount of methamphetamine he allegedly used on a daily basis. Credibility determinations are within the province of the district court as trier-of-fact. See United States v. Sotelo, 97 F.3d 782, 799 (5th Cir. 1996). Keissling also admitted that he regularly sold methamphetamine and that he intended to sell methamphetamine to the residents of the apartment where the seizure occurred. Although he asserted that he used methamphetamine with the apartment residents, one resident denied using any drugs that night and the other admitted only crack cocaine use. Keissling also asserted that he supported his drug habit by selling methamphetamine, but he failed to explain how he could support his allegedly voracious drug habit by using more drugs than he sold. Therefore, we conclude that the district court's inclusion of the full amount seized was not clearly erroneous.

Keissling also argues that the indictment failed to specify the quantity of drugs seized, violating the Fifth and Sixth Amendments and precluding a determination of any quantity other than the guideline minimum. He acknowledges that he did not raise this claim below, and that review is limited to plain error. Keissling relies on Apprendi v. New Jersey, 530 U.S. 466 (2000), but he acknowledges that this court has limited its holding to cases in which a sentence is increased beyond the statutory maximum. Factual determinations of the district court concerning drug amounts used to calculate a sentence within a statutory range are not called into question by Apprendi. See United States v. Meshack, 225 F.3d 556, 576-77 (5th Cir. 2000). Keissling was informed during his rearraignment that the maximum statutory penalty was 20 years' imprisonment (or 240 months), and he was sentenced to only 90 months' imprisonment. Therefore, Keissling has failed to show error, plain or otherwise.

The judgment of the district court is AFFIRMED.